## MRS. LOTTIE CRUTCHFIELD FULKS V. THE STATE.

### No. 20913.   Delivered March 20, 1940.

The opinion states the case.

*Jimmie Cunningham,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possessing beer in a dry area for the purpose of sale; the punishment, a fine of $100.

Officers went to premises occupied by appellant and found therein eight cans of beer. They observed three people in the house drinking beer. There were a number of empty cans in the room. The eight cans of beer were in a crock with ice and cold water around them. The officers then searched a building to the rear of appellant's house, which was occupied by Frank Crutchfield, a son of the appellant, and found 21 cans of beer in an ice box. It appears that the house occupied by appellant was a public cafe and a place in which people danced. The State's testimony shows that Young County was a dry area.

Appellant did not testify, but introduced Frank Crutchfield, her son, who gave testimony to the effect that appellant had no control over the house he occupied. Further, he testified that the 21 cans of beer found in his house belonged to him and that his mother "had nothing to do with it."

Among other things, the court instructed the jury as follows: "In this connection you are further instructed that under the law when one stands charged with the offense of possessing beer in Young County for the purpose of sale, the possession by the defendant of more than one case of such beer is prima facie evidence of guilt." It is shown in bill of exception No. 11 that appellant excepted to the foregoing charge for the reason that it was in contravention of Art. 667-25, Vernon's Ann. Texas P. C., and assumed as a matter of law that a case of beer equalled 24 bottles having a capacity of 12 ounces. It is shown in bill of exception No. 6 that appellant presented a requested instruction to the effect that possession of more than 24 twelve-ounce bottles of beer in a dry area was prima facie evidence that the possession of same was for the purpose of sale. Appellant is correct in his contention that the instruction in question was not in accordance with Art. 667-25, Vernon's Ann. Texas P. C., from which we quote as follows: "Possession by any person in any dry area of beer in any quantity exceeding twenty-four (24) bottles having a capacity of twelve (12) ounces each shall be prima facie evidence of possession for the purpose of sale in a dry area." If the jury reached the conclusion that appellant exercised no control over the 21 cans of beer found in the living quarters of Crutchfield they nevertheless might have thought that the possession of 8 cans of beer by the appellant was prima facie evidence of her guilt. We say this in view of the fact that they had no sufficient

guide for determining that the prima facie evidence rule operated only when the quantity of beer possessed exceeded 24 bottles having a capacity of 12 ounces each. Under the circumstances reflected by the record, we think the failure of the court to amend the charge constitutes reversible error.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.